UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DAVIS,

    Plaintiff,

v.                                                       Case No. 13-14250

CHRYSLER GROUP, LLC,                 HON. AVERN COHN

    Defendant.

_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Doc. 66)

### I. INTRODUCTION

This is a breach of contract and race discrimination case. Plaintiff Fred Davis ("Plaintiff") is suing Defendant Chrysler Group, LLC ("Defendant"), claiming breach of contract, promissory estoppel, and the violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Michigan Elliot Larsen Civil Rights Act (ELCRA), M.C.L. 37.2012, *et seq.*, and 42 U.S.C. § 1981, *et seq.*

On July 24, 2015, the Court granted in part and denied in part Defendant's motion for summary judgment (Doc. 55). The Court found Defendant entitled to summary judgment on Plaintiff's breach of contract and promissory estoppel claims. The Court deferred final judgment as to Plaintiff's racial discrimination claim in order to review the parties' supplemental statements of fact. In so doing, the Court said that Plaintiff did not offer sufficient direct evidence of discrimination, and, therefore, Plaintiff's

1

claim must be evaluated under the McDonnell Douglas Corp. v. Green, 411 U.S. 793 (1973), burden shifting standard for indirect evidence.

Before the Court is Plaintiff's motion for reconsideration on the Court's finding that Plaintiff failed to proffer sufficient direct evidence of discrimination to withstand summary judgment on that ground. Based on the reasons detailed below, the motion is DENIED.

## II.     LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  Defendants' motion filed on August 4, 2015 is timely.

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  Id.  A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain."  Ososki v. St. Paul Surplus Lines Ins. Co., 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## III.     DISCUSSION

The Court determined that Plaintiff proffered insufficient direct evidence to support his claim of racial discrimination. The footnote said:

> Davis additionally bases his claim on what he says is direct evidence of discrimination. First he claims that Grady "demonstrated significant racial animus and hostility toward minorities" by removing the word "minority"

2

> from the Minority Retail Dealer Development Department's title, in favor of "diversity." However, even when view[ed] in light most favorable to Davis, Grady's decision to change the name of the department cannot be construed as evidence that racial bias motivated the decision to deny Davis the opportunity to purchase the Stone Mountain dealership.
>
> Davis further says that another manager twice stated – more than two years prior in 2007 and 2009 – that the M.I. dealerships were "not a welfare program," and once in 2007 asked Davis and two African American colleagues whether they were having a NAACP meeting. However, there is no evidence that this manager had any input in the decision to deny Davis the opportunity to purchase the Stone Mountain dealership. Davis therefore fails to show sufficient direct evidence of discrimination to withstand summary judgment.

FN 3 (Doc. 55).

Plaintiff argues that the Court's order contained a palpable error when it failed to recognize that the unidentified manager who twice stated that the Market Investment Program ("M.I. Program") is not a "welfare program" was in fact Peter Grady, Chrysler Vice President of Network Development – the same individual responsible for the removal of the word "minority" from the Minority Retail Dealer Development Department's title. Grady, along with others, was involved in the deliberations about the poor performance of the Stone Mountain Chrysler Jeep Dodge dealership ("Stone Mountain CJD") and ultimately made the decision that Stone Mountain CJD would not be sold to Davis as an M.I. dealership. Plaintiff contends that if the Court corrects the defect and takes into consideration both Grady's "welfare program" comments together with his removal of the word "minority" from the Minority Retail Dealer Development Department's title, the Court's decision would change and result in a different disposition of Plaintiff's direct evidence discrimination claim.

The Court disagrees. Even with a correction of the record, Plaintiff has not provided sufficient direct evidence to support the argument that racial bias motivated Chrysler's decision not to sell the Stone Mountain CJD to Plaintiff as an M.I. dealership.

Direct evidence is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Johnson v. Kroger, 319 F.3d 858, 865 (6th Cir. 2003); Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 926 (6th Cir. 1999). Direct evidence of discrimination does not require a fact finder to draw inferences to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group. Johnson, 319 F.3d at 865; Harris v. Giant Eagle Inc., 133 Fed. Appx. 288, 293 (6th Cir. 2005). Moreover, direct evidence does not include "stray remarks in the workplace, statements by nondecision makers, or statements by decisionmakers unrelated to the decisional process itself." Twymon v. Wells Fargo & Co., 462 F.3d 925, 933 (8th Cir. 2006).

While Plaintiff may have pointed out an oversight regarding who made the "welfare program" statement, Plaintiff failed to establish that racial bias was a direct motivating factor in Defendant's decision not to sell the Stone Mountain CJD to Plaintiff. Moreover, correcting the defect would not result in a different disposition of the trial. Plaintiff provides no clear causal connection between Grady's two "welfare" comments and his decision regarding the fate of the dealership. The alleged comments were made during meetings held in 2007 and 2009 and do not reasonably support a conclusion that racial bias influenced Grady's decision two years later in 2011. Similarly, the changing of the wording of the name of an internal group within Chrysler does not provide direct

4

evidence of racial bias specifically toward Plaintiff. Plaintiff is asking that the Court find a genuine issue of material fact as to whether direct racial bias impacted Grady's past statements and actions; however, direct evidence cannot be based on inferences. Plaintiff has not presented any other new facts or reasoning to support its motion.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

                                         s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: August 21, 2015

Detroit, Michigan